IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RICKY HAWS,<br><br>    Plaintiff,<br><br>v.<br><br>CEDAR CITY POLICE DEPARTMENT,<br><br>    Defendant. | **REPORT AND RECOMMENDATION**<br><br>Case No.  2:18-cv-00810-CW-EJF<br><br>District Judge Clark Waddoups<br>Magistrate Judge Evelyn J. Furse |

  Pro se Plaintiff Ricky Haws, proceeding <u>in forma pauperis</u>, filed the Complaint in this matter in October 2018.  (ECF No. 3.)  Subsequently, the undersigned[1] set a status conference for January 15, 2019 to give Mr. Haws the opportunity to explain the claims he asserts and the bases for those claims.  (ECF No. 10.)  Mr. Haws failed to appear at the status conference.  (ECF No. 12.)

  The Court reviewed Mr. Haws's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and finds that it fails to state a plausible claim for relief.  Accordingly, the undersigned RECOMMENDS the District Judge dismiss Mr. Haws's Complaint without prejudice.

## BACKGROUND

  On October 24, 2018, a magistrate judge granted Mr. Haws's request to proceed <u>in forma pauperis</u> in this matter.  (ECF No. 2.)  Mr. Haws filed some documents with the court as a Complaint along with a Civil Cover Sheet.  (Compl., ECF No. 3; Civil Cover

---

[1] On October 25, 2018, the District Judge referred this case to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(B).  (ECF No. 5.)

Sheet, ECF No. 3-1.)  The documents do not resemble a complaint and fail to provide sufficient information to even begin to identify specific defendants or incidents.  (Compl., ECF No. 3.)  The Civil Cover Sheet identifies the Cedar City Police Department as the sole defendant, however nothing in the documents makes any reference to Cedar City or its police.   (Compl., ECF No. 3; Civil Cover Sheet, ECF No. 3-1.)

The documents identified as the Complaint describe purported interactions Mr. Haws had with various law enforcement officials, including "[t]he police officer," "3 police officers," "[t]he guard," "[t]he officer," and "[t]he Prosecutor" but does not identify the officials or the departments involved, the date of the incident, or the location of the incident.  (Compl. 1, ECF No. 3.)  The Complaint alleges one officer threatened Mr. Haws with a dart; three police officers tackled him; he did not resist; and he ended up in the emergency room as a result.  (Id.)  Mr. Haws further alleges the officers searched him at the ER and found drugs.  (Id.)  The Complaint subsequently references the Fourth Amendment.  (Id. at 2.)

The Complaint references Maricopa County, located in Arizona, in relation to a separate incident while in a "unit for the mentally ill."  (See id. at 1.)  However, that same paragraph states "This paragraph links events that happened separately but is not really a single event."  (Id.)  Furthermore, Mr. Haws appears to have written on the front page "according to the charges the great stat[e] of _____ made" but never filled in the state. (Id.)

The Complaint also recites various other constitutional amendments, including the Fifth Amendment, and states that "[t]he 3 arrests for the same offense within a 3 month period along with the [sic] another 3 through-out the lifetime is an instance of

2

double jeopardy mentioned in the 5th amendment." (Id. at 2.) The Complaint further asserts that "[t]he whole system is a conspiracy of tyrants", and "[t]he amount of damage and destruction is immense." (Id. at 3.)

The Civil Cover Sheet indicates that Mr. Haws asserts a conspiracy claim under 42 U.S.C. § 1985, and he attached a printout with underlining and handwritten notes on § 1985(2)—"Obstructing justice; intimidating party, witness, or juror". (Compl. 4, ECF No. 3; Civil Cover Sheet, ECF No. 3-1.) The notation seems to complain about the prosecutor and judge forcing Mr. Haws not to have a jury trial. (Compl. 4, ECF No. 3.) He also underlines and has handwritten notes next to 42 U.S.C. § 1983 on the printout, complaining that all his property was lost; he lost all his rights while in jail; and he suffered intimidation and torture in jail. (Id.)

Earlier, the Complaint cites the Second Amendment and notes going to jail infringed on his right to bear arms. (Compl. 2, ECF No. 3.)

## **LEGAL STANDARD**

Whenever the Court authorizes a party to proceed in forma pauperis, the Court must "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In determining whether a complaint fails to state a claim for relief under this statute, the Court employs the same standard used for analyzing motions to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Kay v. Bemis, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

Under this standard, " '[t]he court's function . . . is . . . to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be

granted.' " Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009) (quoting Sutton v. Utah State Sch. for Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999)). Federal Rule of Civil Procedure 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and further provides that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted." Mann v. Boatright, 477 F.3d 1140, 1148 (10th Cir. 2007).

To avoid dismissal, a complaint must allege " 'enough facts to state a claim to relief that is plausible on its face.' " Hogan v. Winder, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)). " 'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' " Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). In reviewing a complaint, the court accepts as true the well-pled factual allegations and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor. Wilson v. Montano, 715 F.3d 847, 852 (10th Cir. 2013). The Court need not accept the plaintiff's conclusory allegations as true. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff must offer specific factual allegations to support each claim." Kan. Penn Gaming, LLC v. Collins, 656 F.3d 1210, 1214 (10th Cir. 2011) (citing Twombly, 550 U.S. at 555). A complaint survives only if it " 'states a plausible claim for relief,' " though courts recognize that "[t]he nature and specificity of the

4

allegations required to state a plausible claim will vary based on context." Id. at 1214–15 (quoting Iqbal, 556 U.S. at 679).

Because Mr. Haws proceeds pro se, the court construes his filings liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers." Hall, 935 F.2d at 1110.  Nonetheless, he must " 'follow the same rules of procedure that govern other litigants.' " Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005) (quoting Nielsen v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994)).  Thus, Mr. Haws "still has 'the burden of alleging sufficient facts on which a recognized legal claim could be based.' " Jenkins v. Currier, 514 F.3d 1030, 1032 (10th Cir. 2008) (quoting Hall, 935 F.2d at 1110).  While a court must make some allowances for "the [pro se] plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements[,]" Hall, 935 F.2d at 1110, the court cannot act as the litigant's advocate, supply additional factual allegations, or develop a legal theory for him/her, see, e.g., Smith, 561 F.3d at 1096.

## DISCUSSION

Mr. Haws's Complaint falls well short of satisfying Rule 8's pleading standard. First, the Complaint does not name any defendants or allege any identifiable incidents. The Civil Cover Sheet lists Cedar City Police Department as the defendant, but the actual Complaint never mentions Cedar City anywhere.  Nor does the Complaint identify or name any other individual or entity—it only vaguely references unidentified and unnamed police officers, a guard, a judge, and a prosecutor.  The Tenth Circuit has held

> to state a claim in federal court, a complaint must explain what each
> defendant did to him or her; when the defendant did it; how the defendant's

5

> action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.

Nasious v. Two Unknown B.I.C.E. Agents., 492 F.3d 1158, 1163 (10th Cir. 2007); see also Wolf v. [No Defendants Named], No. 11-CV-02185-WYD-CBS, 2011 WL 4973667, at *2 (D. Colo. Sept. 23, 2011) (unpublished) ("Plaintiffs must properly identify and name the parties who are legally liable for their claims."), R.& R. adopted sub nom. Wolf v. Pub. Tr., No. 11-CV-02185-PAB-CBS, 2011 WL 4972081 (D. Colo. Oct. 19, 2011) (unpublished). Mr. Haws comes nowhere close to satisfying this requirement—his Complaint does not identify any defendants, dates, or locations. Without this detail, the Court cannot even order the disclosure of certain unnamed officials, which is necessary in some cases. See, e.g., Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 390 n. 2 (1971) (indicating that the district court ordered the complaint served upon all federal agents that the United States Attorney's records showed participated in the arrest of the petitioner); Donald v. Cook Cty. Sheriff's Dep't, 95 F.3d 548, 556 (7th Cir. 1996) ("Depending on the particular circumstances of the case, the court may assist [a pro se] plaintiff . . . by ordering the named defendants to disclose the identities of unnamed officials involved . . .").

Second, Mr. Haws's Complaint does not contain any allegations concerning venue. The only location Mr. Haws mentions in the Complaint is Maricopa County, in Arizona, calling into question his ability to even bring this case in the District of Utah. Indeed, the Complaint does not allege that any defendant resides in Utah or that any of the events giving rise to his suit occurred in Utah. See Greer v. Safeway, 317 F. App'x 838, 842 (10th Cir. 2009) (unpublished) (finding venue in the District of Utah improper where the pro se plaintiff "d[id] not allege any of the Defendants are residents of Utah,

nor [that] a substantial part of the alleged . . . violations by the Defendants arise in Utah").

In sum, the Complaint's complete lack of clarity—in terms of the defendants being named, the alleged actions, the dates of the events at issue, the harm suffered—necessitates dismissal of the Complaint. See Bailot v. Colorado, 385 F. App'x 853, 854–55 (10th Cir. 2010) (unpublished) (affirming district court's dismissal of complaint for failure to comply with Rule 8(a) where "[t]he complaint did little to connect the facts alleged with any cause of action, nor did it indicate how the defendants are responsible for the behavior described."); Mann, 477 F.3d at 1148 ("Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted."); Jenkins, 514 F.3d at 1032 (stating that a pro se "plaintiff still has 'the burden of alleging sufficient facts on which a recognized legal claim could be based' " (quoting Hall, 935 F.2d at 1110)).

In an attempt to address the Complaint's deficiencies, the undersigned set a status conference for January 15, 2019 at 2:00 p.m., (ECF No. 10), but Mr. Haws failed to appear (ECF No. 12). Accordingly, the undersigned RECOMMENDS the District Judge dismiss Mr. Haws's Complaint because it fails to state a plausible claim for relief.

## **RECOMMENDATION**

For the reasons set forth above, the undersigned Magistrate Judge RECOMMENDS the District Judge dismiss this action without prejudice.

The Court will send copies of this Report and Recommendation to all parties, who the Court hereby notifies of their right to object to the same. See 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b). The parties must file any objection to this Report and

Recommendation within fourteen (14) days of service thereof.  Id.  Failure to object may constitute waiver of objections upon subsequent review.

DATED this 9th day of April, 2019.

BY THE COURT:

_____
EVELYN J. FURSE
United States Magistrate Judge